(No. 89-CC-0840– ▮▮▮▮▮▮▮▮▮▮)

MARSHALL PIPPION, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 7, 1990.*

MARSHALL PIPPION, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (MICHAEL CASTALDO, JR., Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This is a claim filed by an inmate at the Stateville Correctional Center. Mr. Pippion was employed as a

chef in September of 1987 in the kitchen. During that time period he was charged with certain infractions, and appeared before the adjustment committee of the Stateville Correctional Center on September 25, 1987. The charges included assault, and disobeying a direct order. Mr. Pippion was initially found guilty of the charges, placed in segregation, lost 360 days of good time, and lost his job as a chef.

Mr. Pippion's grievance was then reviewed by the Stateville Institution Inquiry Board. That board found that the initial finding had been in error. Mr. Pippion then received his good time back, and all restrictions against him were lifted. He eventually returned to his job as a chef.

Mr. Pippion then filed this action claiming back pay for the time period he was not working as a chef. Testimony presented at the hearing on this matter clearly established an inmate in a correctional institution in the State of Illinois does not have a right to a job. Indeed, only a small percentage of the inmates at Stateville held jobs which were paying positions. Claimant therefore did not lose something to which he had a right.

However, the Claimant was also denied his unassigned pay for the period in question. All inmates receive this amount when they are not in segregation. Clearly, Mr. Pippion had a right to his unassigned pay since he was wrongfully placed in segregation. Therefore, we award Mr. Pippion the amount of his unassigned pay, which equaled ten dollars ($10.00) a month for six (6) months, or a total award of sixty dollars ($60.00).