(No. 91-CC-0280 

JAMES CRUMP, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 16, 1994.*

JAMES CRUMP, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTO-PHER K. WELLS, Assistant Attorney General, of counsel), for Respondent.

OPINION

Mitchell, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against Respondent, State of Illinois, in the amount of $75.86. Claimant contends that Respondent is liable to Claimant for the amount claimed due as a result of lost wages which Claimant would have received but for the fact that Claimant was wrongly placed on "investigation status." Claimant was released on March 30, 1990 from investigation status without any disciplinary ticket being issued against Claimant for any offense. Claimant contends in this complaint that the actions of Respondent were negligent or willful, and that Claimant had sustained a loss of $75.86 in wages. It should be noted that Claimant alleges that Claimant was reimbursed by the State in the sum of $10 on an original lost wage claim in the sum of $75.86. Claimant's claim for damages is based on the balance of what Claimant contends is owed.

At the hearing, Claimant testified that he was placed on investigation status in February, 1990. The gravamen of Claimant's complaint is although he was not charged with any disciplinary offense as a result of his being placed on "investigation status," he was not treated as other inmates had been treated in the past when they were reimbursed in full for time spent on "investigation status." While Claimant was on investigation status, he was incarcerated and not permitted to attend his job duties. The $10 pay rate actually received by Claimant for the period he was on "investigatory status" was shown to

be apparently the amount applicable to persons held in "protective custody."

On cross examination by Respondent's attorney, Claimant admitted that the Department of Corrections has the right to assign jobs to inmates or to withhold those assignments through what is known as the "assignment committee."

Claimant was investigated because his brother was found to have been contemplating an escape. Claimant was found guilty of no misconduct. Claimant did not lose his job, but was returned to employment upon conclusion of the investigation. Claimant went through the "assignment committee process" a second time.

Respondent offered no evidence. Neither party filed a brief.

The recommendation in this case is predicated upon the case of *Pippion v. State* (1990), 43 Ill. Ct. Cl. 327. In *Pippion*, Claimant was employed and removed from his employment when he was convicted of certain rules infractions and placed in segregation along with the imposition of other penalties. Upon review, the Institutional Inquiry Board determined that the initial finding against the Claimant had been in error. The penalties that had been assessed against the Claimant were removed, and all restrictions were lifted against the Claimant. Claimant was returned to his job. In *Pippion, supra*, the Claimant then filed an action claiming back pay for the period of time that he was not working at his job. As in the case at bar, in *Pippion, supra*, testimony was presented that inmates do not have a right to employment.

In the *Pippion* case, this Court concluded that Claimant had lost nothing to which he had a right. This Court determined that the Claimant in *Pippion* was entitled only

to the amount of money allocated as "unassigned pay" which equaled $10 a month.

In the case at bar, Claimant has received the $10 for the month that he was on investigation status. Claimant did not have a right to the rewards of his employment. The case of *Pippion, supra,* is controlling.

Therefore, this claim is denied.